**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Maura D. Corrigan

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 20, 2004**

REBECCA GROSSMAN, as Personal
Representative of the Estate of
FRED GROSSMAN, Deceased,

    Plaintiff-Appellee,

v                               No. 122458

OTTO W. BROWN, M.D., SINAI HOSPITAL,
an assumed name of SINAI HOSPITAL OF
GREATER DETROIT, a Michigan Non-Profit
Corporation,

    Defendants-Appellants,

and

ROBERT MURRAY, M.D.,

    Defendant.

_____

BEFORE THE ENTIRE BENCH

TAYLOR, J.

At issue here is whether plaintiff's attorney had a reasonable belief under MCL 600.2912d(1) that plaintiff's medical expert satisfied the expert witness requirements of MCL 600.2169 in order to sign plaintiff's affidavit of

merit.  We hold that plaintiff's attorney had such a reasonable belief.  Having reached the same conclusion, the circuit court decision is affirmed, and this case is remanded to that court for further proceedings.

## I. FACTS

Plaintiff's husband, Fred Grossman, went to defendant Sinai Hospital to undergo an elective carotid endarterectomy (surgical removal of the lining of the carotid artery).[1]  The physician who performed the surgery was defendant Dr. Otto Brown.  He is board-certified in the specialty of general surgery and possesses what is somewhat ambiguously described as "a certificate of special qualifications in vascular surgery."  After the surgery, Mr. Grossman began bleeding internally and had to be rushed back into surgery.  Approximately two days later, Mr. Grossman died.

In preparation for her lawsuit, plaintiff sent a notice of intent to file a claim to defendants as required by MCL 600.2912b(1).  The notice of intent alleged that defendants Dr. Brown and Sinai Hospital, as well as another doctor who is not a party to this appeal, were negligent by failing to properly evaluate Mr. Grossman and by failing to

---

[1] This is a type of vascular surgery.

provide appropriate postoperative care, the culmination of which was Mr. Grossman's death.

In commencing her lawsuit, plaintiff filed an affidavit of merit with her medical malpractice complaint as required by MCL 600.2912d(1)[2] and MCL 600.2169.[3] These two statutes require the plaintiff's counsel to file an affidavit of merit signed by a physician who counsel

---

[2] MCL 600.2912d(1) states the following, in pertinent part:

> T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169].

[3] MCL 600.2169 states the following, in pertinent part:

> In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:
>
> (a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty. [MCL 600.2169(1).]

reasonably believes specializes in the same specialty as the defendant physician. If, however, the defendant physician is a board-certified specialist, the plaintiff's counsel must reasonably believe the affidavit-of-merit expert is board-certified in that specialty.[4] Consequently, plaintiff's counsel researched defendant Dr. Brown's qualifications in order to obtain a qualified expert witness. Plaintiff's counsel asserted that he accessed the American Medical Association's (AMA) website where he viewed defendant Brown's qualifications, saw that he was board-certified only in general surgery, and confirmed that there is no vascular surgery board certification. Thus, according to plaintiff's counsel's research, Dr. Brown was board-certified only in general surgery. That is, plaintiff's counsel believed that there was no board certification for the specialty of vascular surgery. Accordingly, for the affidavit of merit, plaintiff's counsel obtained a physician board-certified in general surgery who specialized in vascular surgery, Dr. Alex

---

[4] See *Halloran v Bhan*, 470 Mich ___; ___ NW2d ___ (2004). We ordered *Halloran* to be argued and submitted with this case. 468 Mich 868 (2003).

4

Zakharia,[5] who reinforced counsel's belief that there is no board certification in vascular surgery.

After answers to the complaint had been filed, defendants Sinai Hospital and Dr. Brown moved for summary disposition on the basis that plaintiff's expert was not qualified to sign the affidavit of merit under MCL 600.2169. Defendants argued that defendant Dr. Brown, while being board-certified in general surgery, also has a certificate of special qualifications in vascular surgery, which they claim is itself another board certification. Because Dr. Zakharia lacks such a certification, defendant concluded that Dr. Zakharia is disqualified from signing the affidavit. Counsel for plaintiff responded that he had a reasonable belief under MCL 600.2912d(1) that Dr. Zakharia met the expert witness requirements of MCL 600.2169(1).

The trial court denied defendants' summary disposition motion, holding in relevant part that plaintiff's attorney had a reasonable belief that Dr. Zakharia met the statutory prerequisites for an expert witness. The Court of Appeals denied defendants' motion for leave for an interlocutory

_____

[5] Dr. Zakharia has been practicing in the field of vascular surgery for many years and has written articles that have been published in numerous journals and books, many in the area of cardiovascular and vascular medicine.

5

appeal "for failure to persuade the Court of the need for immediate appellate review." We granted defendants leave for an interlocutory appeal.[6]

## II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *Omelenchuk v City of Warren*, 466 Mich 524, 527; 647 NW2d 493 (2002). Likewise, we review de novo decisions on summary disposition motions. *American Federation of State, Co & Municipal Employees v Detroit*, 468 Mich 388, 398; 662 NW2d 695 (2003).

## III. ANALYSIS

Because the issue in this case is one of statutory interpretation, the paramount rule is that we must effect the intent of the Legislature. *In re MCI*, 460 Mich 396, 411; 596 NW2d 164 (1999). Statutory language is read according to its ordinary and generally accepted meaning. If the statute's language is plain and unambiguous, we assume the Legislature intended its plain meaning; therefore, we enforce the statute as written and follow the plain meaning of the statutory language. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135-136; 545 NW2d 642 (1996).

---

[6] 468 Mich 869 (2003).

Under Michigan's statutory medical malpractice procedure, plaintiff must obtain a medical expert at two different stages of the litigation—at the time the complaint is filed and at the time of trial. With regard to the first stage, under MCL 600.2912d(1), a plaintiff is required to file with the complaint an affidavit of merit signed by an expert who the plaintiff's attorney *reasonably believes* meets the requirements of MCL 600.2169. With regard to the second stage, the trial, MCL 600.2169(1) states that "a person *shall not* give expert testimony . . . unless the person" meets enumerated qualifications (emphasis added). Thus, while at the affidavit-of-merit stage a plaintiff's attorney need only "reasonably believe" the expert is qualified, at trial the standard is more demanding because the statute states that a witness "shall not give expert testimony" unless the expert "meets the [listed] criteria" in MCL 600.2169(1).

The Legislature's rationale for this disparity is, without doubt, traceable to the fact that until a civil action is underway, no discovery is available. See MCR 2.302(A)(1). Thus, the Legislature apparently chose to recognize that at the first stage, in which the lawsuit is about to be filed, the plaintiff's attorney only has available publicly accessible resources to determine the

7

defendant's board certifications and specialization. At this stage, the plaintiff's attorney need only have a *reasonable belief* that the expert satisfies the requirements of MCL 600.2169. See MCL 600.2912d(1). However, by the time the plaintiff's expert witness testifies at trial, the plaintiff's attorney has had the benefit of discovery to better ascertain the qualifications of the defendant physician, and, thus, the plaintiff's attorney's reasonable belief regarding the requirements of MCL 600.2169 does not control whether the expert may testify.

Because this case presents a dispute involving the affidavit-of-merit stage, the issue before us is whether, according to MCL 600.2912d(1), plaintiff's attorney had a "reasonable belief" that his expert satisfied the requirements of MCL 600.2169. We hold that given the information available to plaintiff's attorney when he was preparing the affidavit of merit, he had a reasonable belief that Drs. Brown and Zakharia were both board-certified in their specialty of general surgery and that there was no board certification in vascular surgery.

The salient and dispositive facts are that plaintiff's attorney consulted the AMA website, which supplied him with information that defendant Brown was only board-certified

8

in general surgery and that there is no vascular surgery board certification. Further, counsel consulted Dr. Zakharia, his expert, who reiterated that there is no vascular surgery board certification.

Thus, at the moment the affidavit of merit was being prepared, plaintiff's attorney used the resources available to him and reasonably concluded that he had a match sufficient to meet the requirements for naming an expert. It may be that what satisfies the standard at this first stage will not satisfy the requirements of MCL 600.2169 for expert testimony at trial. This will be decided on remand. To address this matter now, especially because there has been no fact-finding on the disputed factual questions, would be premature.[7] It will be for the trial court, in its role as initial interpreter of the statute and qualifier of experts, to decide these issues as they become timely.

IV. CONCLUSION

Because plaintiff has complied with the requirements of the affidavit-of-merit statute, MCL 600.2912d(1), we

---

[7] Thus, we expressly do not decide the additional issue raised by the concurring justices in this case because it is not properly before us: whether board certifications must match in all cases or only those in which the board certifications are relevant to the alleged malpractice.

affirm the circuit court and remand this case to that court for further proceedings.

Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

S T A T E   O F   M I C H I G A N

SUPREME COURT

REBECCA GROSSMAN, as Personal
Representative of the Estate of
FRED GROSSMAN, Deceased,

    Plaintiff-Appellee,

v                                               No. 122458

OTTO W. BROWN, M.D., SINAI HOSPITAL,
an assumed name of SINAI HOSPITAL OF
GREATER DETROIT, a Michigan Non-Profit
Corporation,

    Defendants-Appellants.

and

ROBERT MURRAY, M.D.,

    Defendant.

_____

CAVANAGH, J. (*concurring in the result only*).

I concur with the majority that plaintiff's counsel had a reasonable belief that plaintiff's expert met the requirements for filing an affidavit of merit under MCL 600.2912d. However, I write separately because I do not believe that MCL 600.2169 requires an expert witness to match board certifications in all cases.[1] A proper reading

_____

[1] I still strongly believe that MCL 600.2169 is unconstitutional, as discussed in my dissent in *McDougall v Schanz*, 461 Mich 15, 37-72; 597 NW2d 148 (1999).

of the statute indicates that board certifications and specialties must match *only* when the board certification or specialty is relevant to the alleged malpractice at issue. Therefore, I concur with the result reached in this case.

Michael F. Cavanagh
Marilyn Kelly

S T A T E   O F   M I C H I G A N

SUPREME COURT

REBECCA GROSSMAN, as Personal
Representative of the Estate of
FRED GROSSMAN, deceased,

    Plaintiff-Appellee,

v                                              No. 122458

OTTO W. BROWN, M.D., SINAI HOSPITAL,
an assumed name of SINAI HOSPITAL OF
GREATER DETROIT, a Michigan non-profit
corporation,

    Defendants-Appellants,

and

ROBERT MURRAY, M.D.,

    Defendant.

_____

WEAVER, J. *(concurring in result only)*.

I concur with the majority only in its conclusion that, in this case, plaintiff's attorney had a reasonable belief that plaintiff's medical expert met the requirements for filing an affidavit of merit under MCL 600.2912d. I write separately to clarify, as I explain in my dissenting opinion in *Halloran v Bhan,* ___ Mich ___ ; ___ NW2d ___ (2004) (WEAVER, J. dissenting), that MCL 600.2169 requires that a standard-of-care expert's board certifications and

specialties match those of the defendant only where the specialty or board certification is appropriate for (correct for the purpose of explaining) the standard of care to which the expert will be testifying in the case.

Elizabeth A. Weaver