# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 6, 2016

152725 & (67)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SHERRI WILSON, Personal Representative of
the Estate of LUELLA EHRLINGER,
              Plaintiff-Appellee,

v

PHILLIP A. DEAN, M.D. and MID-MICHIGAN
SURGICAL SPECIALISTS, P.C.,
              Defendants-Appellants,

and

COVENANT MEDICAL CENTER, INC.,
d/b/a COVENANT HEALTHCARE,
              Defendant.
_____/

SC: 152725
COA: 320417
Saginaw CC: 13-019719-NH

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the October 15, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

At issue in this medical malpractice case is the sufficiency of plaintiff's affidavit of merit (AOM). Luella Ehrlinger underwent colorectal surgery in July 2009. Defendant Phillip A. Dean, who is board-certified in both colorectal and general surgery, performed the surgery as well as a second one later in the same month. Thereafter, Ehrlinger's health deteriorated and on August 4, 2009, she went into cardiopulmonary arrest, dying approximately one month later.

Sherri Wilson, as the personal representative of Ehrlinger's estate, filed the instant wrongful-death action against Dean and others, alleging that Dean had committed malpractice during the two surgeries and in the postoperative period. Along with the complaint, plaintiff filed the required AOM, which was signed by an affiant who was board-certified only in general surgery. Defendants moved for summary disposition, arguing that the AOM did not comply with MCL 600.2912d because the affiant was not also board-certified in colorectal surgery. In response, plaintiff moved to amend the AOM by having it signed by a new doctor who was board-certified in both specialties, and additionally moved to amend the complaint by striking all paragraphs relating to malpractice during the two surgeries.

The trial court denied defendants' motion and granted plaintiff leave to amend the complaint, after which the Court of Appeals denied leave to appeal. This Court, however, remanded for consideration as on leave granted. *Wilson v Dean*, 497 Mich 950 (2015). On remand, the Court of Appeals held that given the limited nature of plaintiff's remaining claims, pertaining only to the postoperative period, plaintiff's AOM was sufficient because the most relevant medical specialty at issue during that period was general, and not colorectal, surgery. *In re Ehrlinger Estate*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2015 (Docket No. 320417), p 5.

The first issue is whether plaintiff's AOM was sufficient under MCL 600.2912d and MCL 600.2169, even though the initial affiant was board-certified only in general surgery. MCL 600.2912d(1) requires plaintiff's attorney to file an AOM "signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." MCL 600.2169(1)(a) states that "if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty." In *Woodard v Custer*, 476 Mich 545, 560 (2006), we observed that MCL 600.2169 "only requires the plaintiff's expert to match . . . the one most relevant standard of practice or care . . . , and, if the defendant physician is board certified in that specialty, the plaintiff's expert must also be board certified in that specialty." To determine whether a plaintiff's attorney had a reasonable belief under MCL 600.2912d(1) that the expert who signed the AOM meets the requirements of MCL 600.2169, courts must consider the information available at the time the AOM was *prepared*. *Grossman v Brown*, 470 Mich 593, 599-600 (2004).

The Court of Appeals failed to address *Grossman*, which could well have altered the result. Defendants present a reasonable argument that the relevant specialty at the time the AOM was prepared was colorectal, not general, surgery-- the injuries alleged *all* seemed to flow from the colorectal surgeries, the complaint alleged malpractice for actions taken during these surgeries, and plaintiff's attorney knew or should have known of Dean's board certifications. If defendants prevail in this regard, plaintiff's AOM would be insufficient for failing to comply with MCL 600.2912d(1) because it would have been unreasonable to believe that general surgery was "the one most relevant standard of practice or care . . . ." *Woodard*, 476 Mich at 560.

The second issue is whether plaintiff may remedy the deficiencies of the AOM by amending it or the complaint. Defendants again present a reasonable argument against permitting plaintiff to retroactively satisfy AOM requirements by any such amendments. Regarding the amendment of the AOM-- allowing a new *affiant* to sign the old *affidavit*-- defendants contend that this constitutes not an amendment of the AOM, but the introduction of an entirely new AOM. That is, a demarcation exists between valid and invalid amendments, and amendments that fundamentally alter the nature of the original AOM, as might the substitution of an altogether new affiant, conceivably would fall on the invalid side of this demarcation. Further, plaintiff's amendment of the complaint to limit the malpractice allegations to the postoperative period might also be seen as an attempt to circumvent the AOM requirements. If a party may always amend the complaint itself to cure a deficient AOM, then the AOM requirements would have increasingly little substantive force. A party could include a deficient AOM with the complaint but nonetheless proceed with the case as long as the complaint was later amended to fit the AOM.

I would remand this case to the Court of Appeals to consider both of these issues. Each raises the common concern that a defendant will be presented with one manner of case when the AOM is filed, but later be required to defend a different manner of case after the complaint or the AOM has been amended. Here, for instance, it may be that defendants were initially presented with, and prepared for, a case focusing on the intricacies of colorectal surgery, but as a result of amendment have had the case transformed into one focused on general medical practices during the postoperative period. Yet, the AOM is intended to "certify merit at the *outset* of the case . . . ." *Ligons v Crittenton Hosp*, 490 Mich 61, 84 (2011) (emphasis added). When, contrary to *Grossman*, the AOM's merits are not judged at the time it was prepared, but only after amendments have retroactively cured its deficiencies, merit has *not* been certified at the *outset* and a defendant may face a case that was not certified as meritorious when the complaint and AOM were filed. In light of these concerns, I respectfully dissent and would remand for further consideration by the Court of Appeals.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 6, 2016



Clerk

d0503p