*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEMBERSELECT INSURANCE COMPANY,

       Plaintiff-Appellant,

v

LINDA PARTIPILO, Personal Representative of the
ESTATE OF MARILYN MCDOUGALL, and
DAVID MCDOUGALL, Personal Representative of
the ESTATE OF LARIMORE MCDOUGALL,

       Defendants-Appellees.

FOR PUBLICATION
December 16, 2024
2:28 PM

No. 368674
Monroe Circuit Court
LC No. 2023-146402-CK

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

In this declaratory-judgment action, we are asked whether a household exclusion provision in a no-fault automobile insurance policy's bodily-injury liability coverage language limits coverage under MCL 500.3009 to $250,000, as defendants argue, or to $50,000 as plaintiff argues. Like the trial court, we agree with defendants and therefore affirm.

The decedent, Marilyn McDougall, was killed in an automobile accident on the morning of May 26, 2021, along with her husband, Larimore McDougall. Larimore was driving a 2017 Hyundai Sonata, which plaintiff insured, when he failed to yield to cross traffic at an intersection as he passed a stop sign and collided with a vehicle driven by Debra Lewis. Both McDougalls died as a result. Marilyn's estate filed a wrongful-death and bodily injury action against both Lewis and the estate of Larimore McDougall.

Marilyn and Larimore had a no-fault policy for the Sonata with plaintiff, which had a term of December 7, 2020, to June 7, 2021 (the Policy). The declaration certificate stated the bodily-injury liability limits as "$250,000 each person" and "$500,000 each accident." Larimore and Marilyn are listed as named insureds. The Policy, in pertinent part, states as follows:

Part I – Bodily Injury and Property Damage Liability Coverages

\* \* \*

-1-

Insuring Agreement – Bodily Injury and Property Damages Liability Coverages

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, we will pay compensatory damages for which an insured person is legally liable because of bodily injury or property damage arising out of the ownership, maintenance or use including the loading or unloading of the insured auto.

\* \* \*

Exclusions – Part 1

\* \* \*

4. Bodily Injury and Property Damage Not Covered. The Liability Coverage does not cover:

\* \* \*

n) bodily injury to you or a resident relative. This exclusion applies only to damages in excess of the minimum limit mandated by the motor vehicle financial responsibility law of Michigan.

\* \* \*

6. If a court with proper jurisdiction finds an exclusion under Part I of this policy invalid or unenforceable, that exclusion shall:

a) not apply to the portion of the damages for bodily injury or property damage that is less than or equal to the minimum amounts of liability insurance required under a financial responsibility law of the state in which the loss occurs, that applies to the owner or operator of a private passenger vehicle; and

b) apply to the portion of all damages that exceeds minimum amounts of liability insurance required under a financial responsibility law of the state in which the loss occurs, that applies to the owner or operator of a private passenger vehicle.

In its complaint for declaratory relief under MCR 2.605, plaintiff argued the Policy's exclusion of coverage for bodily injury to "you or a resident relative" was applicable to Marilyn's estate's claims against Larimore's estate. Plaintiff further contended that the "minimum limit mandated by the motor vehicle financial responsibility law of Michigan" was $50,000, and, under the exclusion, this was the liability coverage limit of the Policy for Marilyn's estate's claims.

Marilyn's estate moved for summary disposition under MCR 2.116(C)(10), on the ground that, because neither Marilyn or Larimore completed a form to elect lower limits, the minimum

liability limit for the accident allowed under MCL 500.3009 was $250,000 per individual and $500,000 per accident. Plaintiff countered by moving for summary disposition under MCR 2.116(I)(2).[1] Plaintiff argued that the provision for electing lower liability coverage, MCL 500.3009(5), sets the minimum liability coverage at $50,000, and $250,000 is only the default coverage level. Plaintiff contended that $50,000 was the applicable resident-relative exclusion limited liability coverage for Marilyn's death.

At the hearing on the motions, Marilyn's estate argued $250,000 was the minimum per-person liability coverage allowed under the 2019 amendments to MCL 500.3009, unless the election for lower coverage is made by an approved form, which Larimore and Marilyn did not do. Plaintiff argued that, because the default provision was "subject to" the lower limit election provision, the lowest limit available for election was the "minimum" to which the applicable Policy exclusion referred. Plaintiff also argued that a declaration that the $250,000 limit applied would set a precedent resulting in nonsensical increases in default liability limits, after a lower limit *had been* elected because of, for instance, rescission for fraud or noncooperation. Marilyn's estate replied that application of the lower limit universally required satisfaction of the "condition precedent" set out in the statute—the completion of the approved election form.

The trial court granted the motion of Marilyn's estate, and denied plaintiff's motion:

> It's clear the statute requires, it says that, you know, the limits are $250,000 and $500,000, but a person can elect to have a lower minimum. However, in order to do that, the person must complete a form issued by the director that meets all the qualifications. The form must . . . , among other things, clearly state the risk is [sic] selecting a liability limit lower than required in subsection one.
>
> It's clear that the intent of the legislation was to require a form to deviate from the limits, it was to ensure that people only agreed to the lower limit when they were fully informed of the decision. While $50,000/$100,000 limit may technically be a minimum possible, . . . it can't be applied in a situation unless the insured has filled out the form then adequately noticed and that did not happen in this case.

Accordingly, the trial entered the order reflecting its ruling, stating, "the applicable limits of liability available for recovery through the policy issued by Plainitiff . . . are $250,000 per individual / $500,000 per occurrence. This appeal followed.

## STANDARD OF REVIEW

---

[1] MCR 2.116(I)(2) states as follows: "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

This Court reviews summary disposition rulings de novo. See *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). The question of the availability of insurance under a statute is a question of statutory interpretation. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015). This Court reviews de novo whether the trial court properly interpreted relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). "The role of [the] Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019) (quotation marks and citations omitted). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). If the language is clear and unambiguous, the reviewing court should assume that the Legislature intended its plain meaning, and enforce the statute as written. *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich 398, 410; 987 NW2d 501 (2022).

ANALYSIS

A similar issue as presented here was addressed in this Court's recent opinion in *Progressive Marathon Ins Co v Espinoza-Solis*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 366764). In that case, a default judgment had been entered against Progressive's insured. Progressive then sought a declaratory judgment stating that its duty to defend and indemnify its insured was limited under an insurance policy provision requiring cooperation of the insured. *Id*. at ___; slip op at 2. Progressive conceded it was "statutorily required to provide minimum liability coverage for bodily injury," but argued that "the statutory minimum coverage for which it was liable was $50,000 under MCL 500.3009(5)." *Espinoza-Solis*, ___ Mich App at ___; slip op at 2. This Court concluded that the statutorily required minimum, and hence the amount for which Progressive was still liable despite the noncooperation of its insured, was $250,000 per person and $500,000 per accident. *Id*. at ___; slip op at 8. This Court explained, slip op at 7-8, as follows:

> Before MCL 500.3009 was amended as part of the recent no-fault reforms, the statute only required minimum coverage limits for bodily injury or death of $20,000 per person and $40,000 per accident. See MCL 500.3009(1), as amended by 2016 PA 346. In that version of the statute, there was no provision authorizing a choice of lower coverage limits analogous to Subsection (5) of the current version of MCL 500.3009. See MCL 500.3009(1), as amended by 2016 PA 346. The current version of MCL 500.3009, however, requires minimum coverage limits for bodily injury or death of $250,000 per person and $500,000 per accident in policies issued after July 1, 2020. Additionally, under the current version of MCL 500.3009(5), insureds "may choose to purchase lower limits than required under subsection (1)(a) and (b), but not lower than $50,000.00 [per person] under subsection (1)(a) and $100,000.00 [per accident] under subsection (1)(b)" for policies issued after July 1, 2020. There are certain statutory requirements that must be met to "exercise an option" under Subsection (5). MCL 500.3009(5). Pursuant to MCL 500.3009(8), if "the person named in the policy has not made an effective choice under subsection (5), the limits under subsection (1)(a) and (b) apply to the policy."

For purposes of defining Progressive's liability pursuant to *Coburn* [*v Fox*, 425 Mich 300; 389 NW2d 424 (1986)], the parties disagree over whether $250,000 or $50,000 is the statutorily required per person minimum coverage limit under MCL 500.3009. Progressive argues that because the statute permits insureds to choose a per person coverage limit as low as $50,000, that amount reflects the statutorily required minimum limit.

However, in *State Farm Mut Auto Ins Co v Estate of Fortin*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363755); slip op at 8, this Court interpreted the current version of MCL 500.3009 and concluded that the statute "require[s]" policies issued after July 1, 2020 "to provide bodily injury liability limits of at least $250,000 per person and $500,000 per accident, unless the insured chose a lower limit." This Court explained that "[u]nder MCL 500.3009(8), if an insured 'has not made an effective choice' of reduced coverage, the default limits of $250,000 per person and $500,000 per accident apply" and that these default limits were thus "required by law." *State Farm*, ___ Mich App at ___; slip op at 8 (emphasis added). "The plain language of MCL 500.3009(1) and (8) requires the choice of coverage be made when or before the policy is issued." *Id*. at ___; slip op at 13.

Our holding in State Farm is consistent with the principles of statutory construction provided by our Supreme Court. In *Kemp v Farm Bureau General Insurance Company of Michigan*, 500 Mich 245, 252; 901 NW2d 534 (2017), our Supreme Court instructed: "[w]hen interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. 'In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.'" (Citation omitted).

Applying these basic principles of statutory construction, we conclude that the language of MCL 500.3009 is clear that the $250,000 per person and $500,000 per accident limits in Subsection (1) apply by default and are mandatory for all no-fault policies issued after July 1, 2020. MCL 500.3009(1), (5), and (8); *State Farm*, ___ Mich App at ___, ___; slip op at 8, 13. We further conclude that Subsection (5) of the statute provides an "option" to obtain an exception to the mandatory minimums of Subsection (1) if certain conditions are met. Because the minimums in Subsection (5) do not apply automatically to every policy issued after July 1, 2020, and are not required, while the minimums in Subsection (1) do apply automatically by default to every policy issued after July 1, 2020, and are required unless certain requirements are met to obtain an exception to these mandatory minimums, we conclude that *Coburn* commands the statutorily required minimum residual liability insurance under the current version of MCL 500.3009 for policies issued after July 1, 2020 is $250,000 per person and $500,000 per accident as stated in MCL 500.3009(1). We further note that there is an exception to this requirement, viz., if it is established that an effective election of a lower limit was made pursuant

to Subsection (5), in which case the selected policy limit becomes the required minimum residual liability insurance.

The Court additionally rejected Progressive's argument that MCL 257.520b(2) only requires minimum liability limits of $20,000 per person and $40,000 per accident. *Espinoza-Solis*, ___ Mich App at ___; slip op at 8-9.

While the coverage issue in *Espinoza-Solis* concerned noncooperation by the insured compared with the present case involving the household exclusion, that distinction does not affect the ultimate conclusion. The holding in *Espinoza-Solis*, slip op at 9, is clear: "We hold that the statutorily required minimum residual liability insurance for policies issued after July 1, 2020, is $250,000 per person and $500,000 per accident, pursuant to MCL 500.3009(1)(a) and (b), unless the proper steps are followed to exercise the option of selecting a lower coverage amount under MCL 500.3009(5)." There is no indication in this case that the insureds did opt for the lower coverage amount. Therefore, the holding in *Espinoza-Solis* compels the conclusion in this case that the liability limits are $250,000 per person and $500,000 per accident.

Affirmed. Defendants may tax costs.


/s/ Adrienne N. Young
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney