# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 13, 2006

131184

JOCELYN BROWN, and
DONALD BROWN,
      Plaintiffs-Appellees,

v

AMY S. HAYES, INGHAM
REGIONAL MEDICAL CENTER,
WORK IMPROVEMENT
REHABILITATION CENTER,
and LEANN G. WITGEN,
      Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131184
COA: 256966
Ingham CC: 01-093606-NH

On order of the Court, the application for leave to appeal the April 4, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the portion of the Court of Appeals judgment affirming the trial court's decision to strike defendants' affidavit of meritorious defense. The plain language of MCL 600.2912e(1) only requires that an attorney reasonably believe that the expert meets the requirements of MCL 600.2169; it does not require that the expert *actually* meet those requirements. *Grossman v Brown*, 470 Mich 593, 599 (2004) (addressing identical language in MCL 600.2912d). Since the Court of Appeals concluded in this case that defense counsel reasonably believed that his expert was qualified under MCL 600.2169 because of that statute's reference to a "*licensed . . . health professional*," it should have also found that the affidavit was sufficient under MCL 600.2912e and reversed the order striking the affidavit. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 13, 2006

_____
Clerk