KALAJ v KHAN

Docket No. 298852. Submitted September 7, 2011, at Detroit. Decided February 14, 2012, at 9:20 a.m. Leave to appeal denied, 491 Mich 946.

Sander and Alida Kalaj brought a medical malpractice action in the Oakland Circuit Court against Syed Khan, M.D., and Basha Diagnostics, P.C., alleging that when Khan reviewed x-rays taken of Sander at Basha Diagnostics (the Basha x-rays), he negligently failed to observe that Sander had suffered a cervical fracture. Plaintiffs' complaint was supported with an affidavit of merit by diagnostic radiologist Stuart Mirvis, M.D., who averred that he had reviewed plaintiffs' notice of intent and Sander's medical records, including the Basha x-rays, and that it was his opinion that Khan was negligent. It was subsequently discovered that the x-rays Mirvis had believed to be those taken at Basha Diagnostics were not the Basha x-rays, but instead were x-rays taken several days later by Sander's chiropractor. The Basha x-rays could not be located by any party. Defendants moved to strike plaintiffs' affidavit of merit, asserting that because Mirvis had not reviewed the Basha x-rays, he could not opine that Khan had misinterpreted them. Plaintiffs countered that the remaining records Mirvis reviewed provided an adequate foundation for the affidavit of merit. The court, John J. McDonald, J., granted the motion to strike and dismissed plaintiffs' complaint without prejudice, finding that without the Basha x-rays, testimony by Mirvis that defendants were professionally negligent would be speculative. Plaintiffs moved for reconsideration, supporting the motion with a new affidavit from Mirvis averring that he did not need the Basha x-rays to determine that Khan had negligently failed to diagnose Sander's cervical fracture. The court denied the motion. Plaintiffs appealed.

The Court of Appeals *held*:

MCL 600.2912d(1) only requires that a health professional review the notice of intent and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice. It is sufficient for the health professional to indicate that he or she reviewed the records provided by the plaintiff's counsel and that in light of those records, the health professional is willing and able to opine with respect to the defendant's negligence consistently with the elements set forth in the statute. Thus, Mirvis was not

required to review the Basha x-rays. Accordingly, the affidavit of merit Mirvis provided was not deficient unless the absence of the Basha x-rays precluded him from opining that defendants breached the applicable standard of care. Mirvis averred, to the contrary, that even absent review of the x-rays, it was his opinion that defendants had breached the applicable standard of care. Thus, the affidavit of merit met the statutory requirements and should not have been struck. Moreover, while the absence of the Basha x-rays might affect the weight and credibility of the expert testimony concerning whether defendants committed medical malpractice, the absence of the x-rays did not render that expert testimony inadmissible. A plaintiff may establish the elements of medical malpractice with circumstantial proof that enables reasonable inferences. The trial court abused its discretion when it misconstrued the requirements of MCL 600.2912d.

Reversed and remanded.

NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — REQUIREMENTS — REVIEW OF MEDICAL RECORDS.

A health professional providing an affidavit of merit in a medical malpractice action must review the plaintiff's notice of intent and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice; it is sufficient for the health professional to indicate that he or she reviewed the records provided by the plaintiff's counsel and that in light of those records, the health professional is willing and able to opine with respect to the defendant's negligence consistently with the elements set forth in the statute governing affidavits of merit (MCL 600.2912d).

*McKeen & Associates, P.C.* (by *Brian J. McKeen, Jody L. Aaron*, and *Ramona C. Howard*), for plaintiffs.

*Brian J. Doren, PLC* (by *Brian J. Doren*), for defendants.

Before: M. J. KELLY, P.J., and OWENS and BORRELLO, JJ.

BORRELLO, J. Plaintiffs appeal as of right the February 19, 2010, trial court order granting defendants' motion to strike plaintiffs' affidavit of merit and dismissing

plaintiffs' complaint without prejudice in this action alleging medical malpractice. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEEDINGS BELOW

Plaintiff Sander Kalaj[1] injured his head and neck in a diving accident in July 2006. On July 31, 2006, plaintiff's treating physician referred him to defendant Basha Diagnostics, P.C., for cervical-spine x-rays. Defendant Syed Mahmood Ali Khan, M.D., a diagnostic radiologist, reviewed plaintiff's x-rays, and concluded that they were negative for a spinal fracture. Eight days later, on August 8, 2006, plaintiff, complaining of worsening symptoms, was treated by Dr. Gregory Cesul, a chiropractor. Cesul also took a set of cervical-spine x-rays, which he opined to be "consistent with a C5 fracture." Cesul referred plaintiff to William Beaumont Hospital for further evaluation and a neurosurgical consultation. Additional x-rays and a CT scan performed at Beaumont showed that plaintiff had suffered a C5 fracture. The results of an MRI demonstrated "a C5 tear drop fracture with foraminal narrowing and mass effect on the spinal cord."

Plaintiffs filed the instant medical malpractice action against defendants in January 2009, premised on the failure to properly diagnose the spinal fracture on or about July 31, 2006. In support of their complaint, plaintiffs provided an affidavit of merit from diagnostic radiologist Stuart Mirvis, M.D., who averred that he had reviewed plaintiffs' notice of intent and medical records from William Beaumont

---

[1] From this point onward, Sander Kalaj will be referred to simply as "plaintiff," while both named plaintiffs will be referred to jointly as "plaintiffs."

Hospital and **"Basha Diagnostics — C-Spine Films 8.31.06"**[2] and that in light of these records, it was his opinion that Khan had been negligent in several ways, including by failing to "[s]uspect, observe and diagnose the existence of a tear drop fracture." During the course of discovery, however, it was revealed that the x-rays Mirvis believed to be the cervical-spine films taken at Basha Diagnostics and interpreted by Khan on July 31, 2006 (the "Basha films"), were not the Basha films, but instead were the films taken by Cesul on August 8, 2006.[3] The Basha films were signed out from Basha Diagnostics by plaintiff's treating physician on August 9, 2006, and they have not been located by any party to this dispute.

Defendants moved to strike plaintiffs' affidavit of merit on the basis that the x-rays Mirvis reviewed were not the Basha films and that without having reviewed the Basha films, it was impossible for Mirvis to opine that Khan misinterpreted them. Therefore, defendants asserted, Mirvis's affidavit lacked the appropriate foundation for any opinion that Khan was professionally negligent in failing to diagnose plaintiff's cervical spine fracture on July 31, 2006. Plaintiffs asserted in response that there were sufficient records available that Mirvis had reviewed. Plaintiffs contended that these records provided adequate foundation for Mirvis's affidavit of merit even in the absence of the Basha films. More specifically, plaintiffs argued that considering the nature of the injury and the progression of plaintiff's symptoms, the subsequent films

---

[2] Mirvis's reference to "8.31.06," appears to be a typographical error; the date intended by Mirvis was July 31, 2006.

[3] It appears from the record that the films Mirvis reviewed were produced in response to plaintiffs' request for a copy of plaintiff's medical records and that they were received in a Basha Diagnostics envelope. Plaintiffs state in their brief to this Court that these films are the films taken by plaintiff's chiropractor on August 8, 2006. Defendants do not suggest otherwise.

taken of plaintiff's neck in close temporal proximity to the Basha films—which clearly demonstrate a C5 fracture—provide sufficient basis for Mirvis's opinion that defendants were professionally negligent by failing to diagnose plaintiff's fracture. After a brief hearing, the trial court granted defendants' motion to strike and dismissed plaintiffs' complaint without prejudice, finding that without the opportunity to review the Basha films, testimony by Mirvis that defendants were professionally negligent by failing to diagnose the fracture would be "pure speculation" and "[w]e can't have a jury guess."

Plaintiffs moved for reconsideration, again asserting that given their temporal proximity to the Basha films, the subsequent x-rays, MRI, and CT scan of plaintiff's neck showed sufficient evidence of a fracture to provide an adequate foundation for Mirvis's affidavit, especially in the context of the nature, and worsening, of plaintiff's symptoms in the relevant time frame. In support of their motion, plaintiffs provided the trial court with an affidavit from Mirvis averring that he did not need to review the Basha films to determine that Khan had been negligent by failing to diagnose plaintiff's cervical fracture and that in light of plaintiff's symptoms and the medical records supplied to him, he could conclude "within a reasonable degree of medical probability there was evidence of the C5 fracture that would have been discovered by a reasonable and prudent radiologist under same or similar circumstances" as those presented to Khan at Basha Diagnostics on July 31, 2006. The trial court denied plaintiffs' motion.

## II. ANALYSIS

Plaintiffs argue on appeal that the trial court erred by striking the affidavit of merit and dismissing their complaint because while Mirvis might not have re-

viewed the Basha films as originally believed, his affidavit of merit meets the requirements of MCL 600.2912d. Plaintiffs assert that, under the circumstances presented in this case, Mirvis reviewed sufficient records to provide an adequate foundation for the opinions expressed in his affidavit. Plaintiffs note that Mirvis explicitly stated in his revised affidavit that the absence of the Basha films did not change his opinion with regard to Khan's deficient treatment of plaintiff. Plaintiffs further assert that the fact that Mirvis did not have the opportunity to review the missing Basha films goes to the weight and credibility, and not the admissibility, of his testimony.

This Court reviews for an abuse of discretion a trial court's decision to grant a motion to strike an affidavit. *Brown v Hayes*, 270 Mich App 491, 494; 716 NW2d 13, rev'd in part on other grounds 477 Mich 966 (2006); *Belle Isle Grille Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Additionally, " '[w]here the trial court misapprehends the law to be applied, an abuse of discretion occurs.' " *Jackson v Detroit Med Ctr*, 278 Mich App 532, 543; 753 NW2d 635 (2008), quoting *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002). However, to the extent that resolution of this appeal depends on the interpretation of MCL 600.2912d, our review is de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). When interpreting a statute,

> the paramount rule is that we must effect the intent of the Legislature. Statutory language is read according to its ordinary and generally accepted meaning. If the statute's language is plain and unambiguous, we assume the Legis-

lature intended its plain meaning; therefore, we enforce the statute as written and follow the plain meaning of the statutory language. [*Id.*]

As our Supreme Court explained in *Ligons v Crittenton Hosp*, 490 Mich 61, 70-71; 803 NW2d 271 (2011), "MCL 600.2912d was enacted in 1986 and amended in 1993 as an element of broad tort reforms established by the Legislature. In part, the legislation placed 'enhanced responsibilities' on medical malpractice plaintiffs." MCL 600.2912d(1) requires that

the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]. *The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice* and shall contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. [Emphasis added.]

"The failure to include any of the required information renders the affidavit of merit insufficient." *Ligons*, 490 Mich at 77.

The parties do not dispute that plaintiffs' counsel reasonably believed Mirvis to be qualified as an expert

witness. Nor is there any dispute that Mirvis reviewed the notice of intent and all medical records supplied to him by plaintiff's counsel. Furthermore, his affidavit of merit includes all the statutorily required elements listed in MCL 600.2912d(a) through (d). Indeed, defendants do not assert, and the trial court did not find, that Mirvis's affidavit fails to meet any of the statutorily required elements for a valid affidavit of merit. Rather, defendants assert, and the trial court essentially concluded, that the otherwise valid affidavit of merit must be disregarded because Mirvis mistakenly believed he had reviewed the Basha films. However, by its plain language, MCL 600.2912d(1) requires only "that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice." There is no specific requirement concerning *which* hospital or medical provider's records must have been reviewed in order for the expert to ascertain a breach of the standard of care. Nor does the statute require that the health professional even identify the medical records he or she has reviewed. It is sufficient, under the plain language of the statute, for the expert to indicate that he or she has reviewed the records provided by the plaintiff's counsel and that in light of those records, the expert is willing and able to opine with respect to the defendant's negligence consistently with the elements set forth in the statute. Thus, Mirvis was not required to review the Basha films at all; that he mistakenly identified films provided to him as being the Basha films likewise does not render the affidavit of merit deficient under the statute unless the absence of those films precludes him from opining that defendants breached the applicable standard of care by failing to diagnose plaintiff's spinal fracture on July 31, 2006. In that case, it would be up to Mirvis to indicate that his

opinion, as set forth in the affidavit of merit, was no longer supported. He has not done so. Instead Mirvis continues to aver that, even absent a review of the missing Basha films, it is his professional opinion that defendants breached the standard of care in their treatment of plaintiff. Nothing more is required at this initial stage of litigation. MCL 600.2912d.

The trial court dismissed plaintiffs' action on the basis that, absent the Basha films, any testimony offered by Mirvis would be "pure speculation." Such an assertion by the trial court was itself speculation concerning the evidence that would be disclosed during discovery and presented by plaintiffs at trial. Under the plain language of MCL 600.2912d, whether the assertions in the affidavit of merit are ultimately proved to be true is not at issue when evaluating whether the affidavit complies with MCL 600.2912d. Rather, at issue is whether, on its face, the affidavit of merit complies with the requirements set forth in the statute. "To rule otherwise would allow for battles to erupt or minitrials to take place merely over the issue concerning the validity of an affidavit or merit, necessitating production of [documents] and the taking of testimony. We do not believe that the Legislature intended that a trial court conduct [such] proceedings to determine" the validity of an affidavit of merit. *Sturgis Bank & Trust Co v Hillsdale Community Health Ctr*, 268 Mich App 484, 493; 708 NW2d 453 (2005). The requirements set forth in MCL 600.2912d are premised on a legislative recognition that until the civil action has been commenced, no discovery is available to the plaintiff. Thus, the plaintiff is left to the records and information available to him or her in formulating the affidavit of merit. Accordingly, the evaluation to be made at this initial stage of the proceedings, as opposed to the evaluation of expert testimony at trial, is simply

whether the affidavit of merit contains each of the elements set forth in MCL 600.2912d. See *Sturgis Bank & Trust*, 268 Mich App at 493-494, citing *Grossman*, 470 Mich at 598-600.

Moreover, it is not true, as a matter of law, that plaintiffs cannot establish that Khan was negligent in his treatment of plaintiff without the Basha films. From the presence and progression of plaintiff's symptoms and the allegedly plainly evident fracture on films taken a mere eight days after Khan interpreted the Basha films, Mirvis can opine that defendants breached the standard of care by failing to diagnose plaintiff's cervical fracture on July 31, 2006. To establish a cause of action for medical malpractice, a plaintiff must establish four elements: (1) the appropriate standard of care governing the defendant's conduct at the time of the purported negligence, (2) that the defendant breached that standard of care, (3) that the plaintiff was injured, and (4) that the plaintiff's injuries were the proximate result of the defendant's breach of the applicable standard of care. *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). Expert testimony is required to establish the standard of care and a breach of that standard, *Decker v Rochowiak*, 287 Mich App 666, 685; 791 NW2d 507 (2010), as well as causation, *Teal v Prasad*, 283 Mich App 384, 394; 772 NW2d 57 (2009). While there "must be facts in evidence to support the opinion testimony of an expert," *id.* at 395 (quotation marks and citations omitted), circumstantial proof that enables reasonable inferences is sufficient, *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994). Applying these fundamental evidentiary principles here, while the absence of the Basha films may affect the weight and credibility afforded to expert testimony concerning whether defendants committed malpractice by failing to diagnose plaintiff's cervical spine fracture

on July 31, 2006, the absence of those films does not render that expert testimony inadmissible. Consequently, dismissal of plaintiffs' complaint constituted legal error.

The trial court committed legal error when it misconstrued the requirements set forth in MCL 600.2912d. Accordingly, an abuse of discretion occurred. See *Jackson*, 278 Mich App at 543. Therefore, we reverse and remand this matter for reinstatement of plaintiffs' complaint and further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs, being the prevailing parties, may tax costs pursuant to MCR 7.219.

M. J. KELLY, P.J., and OWENS, J., concurred with BORRELLO, J.