# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL WALKER and NANCY WALKER,

       Plaintiffs-Appellees,

v

WILLIAM BEAUMONT HOSPITAL and SAID
HAFEZ KHAYYATA, M.D.,

       Defendants-Appellants.

UNPUBLISHED
October 18, 2018

No. 337824
Oakland Circuit Court
LC No. 2015-145904-NH

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

JANSEN, P.J. (*dissenting*).

Because I believe summary disposition should have been granted in favor of defendants, I respectfully dissent. In my view, much of the expert witness testimony on causation was speculative, and speculative arguments are insufficient as a matter of law to establish a genuine issue of material fact to avoid summary disposition. *Lathan v Nat'l Car Rental Sys, Inc.*, 239 Mich App 330, 336; 608 NW2d 66 (2000).

In a medical malpractice action, it is plaintiff's burden to prove that he "suffered an injury that more probably than not was proximately caused by the negligence of the defendant or defendants." MCL 600.2912a(2). A plaintiff must establish proximate causation between the alleged breach of the standard of care and the injury. *Craig v Oakwood Hospital*, 471 Mich 67, 86; 684 NW2d 296 (2004), and must present expert testimony to establish causation. *Kalaj v Khan*, 295 Mich App 420, 429; 820 NW2d 223 (2012). Proximate cause is a legal term of art that encompasses both cause in fact and legal cause. *Craig*, 471 Mich at 86. "As a matter of logic, a court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate cause or legal cause of those injuries." *Craig*, 471 Mich at 87. "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Id*. at 86-87. Showing causation requires more than a mere possibility or a plausible explanation; the plaintiff must produce sufficient evidence to establish "a reasonable inference of a logical sequence of cause and effect." *Id*. at 87. A valid theory of causation must be based on facts in evidence. *Id*. While the "evidence need not negate all other possible causes," it must "exclude other reasonable hypotheses with a fair amount of certainty." *Id*. at 87-88.

Plaintiffs' theory of causation is that Dr. Said Khayyata erroneously interpreted slides from plaintiff's April 18, 2018 FNA biopsy as showing cancer, and that this misdiagnosis by Dr. Khayyata caused plaintiff to undergo completely unnecessary surgery to find and remove cancer which was not there. However, based on my review of the record, plaintiffs have failed to present expert testimony sufficient to support their theory of causation. Plaintiffs' first expert witness, Dr. Michael Finfer, testified that the slides showed cancer, but theorized that the cancer cells came from another source and were probably endocervical cells from a different patient. However, Dr. Finfer admitted at deposition that his explanation was "just speculation" and "an educated guess." In short, Dr. Finfer's expert opinion was not based on evidence and did not set forth specific facts which would support logical inferences, but instead merely provided a merely possible or plausible explanation. This is insufficient to establish causation.

Plaintiffs' second expert witness, Dr. Aaron Feliz, disagreed with Dr. Finfer. Dr. Feliz did not believe that the slides were contaminated by cells from an unknown third party. Rather, Dr. Feliz admitted that a pathologist reviewing the slides could reach one of four separate conclusions, including the conclusion that the slides showed squamous cell carcinoma. While Dr. Feliz testified that he thought the slides showed degenerative atypia rather than cancer, he admitted that he could not say within a reasonable degree of medical certainty that the slides did not show cancer. Accordingly, Dr. Feliz's testimony was also insufficient to establish causation.

Based on the foregoing, I would conclude that plaintiffs have failed to establish causation, an essential element of their medical malpractice claim. Therefore, I would reverse, and vacate the trial court's March 17, 2017 order denying summary disposition, and remand for entry of an order granting summary disposition in favor of defendants.

/s/ Kathleen Jansen

-2-