*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON FASSE,

        Plaintiff-Appellant,

v

ALPENA REGIONAL MEDICAL CENTER,
MIDMICHIGAN MEDICAL CENTER-ALPENA,
and SANDRA L. MANTZ, M.D.,

        Defendants-Appellees,

and

ALPENA SURGICAL ASSOCIATES,
CHRISTOPHER BULLOCK, M.D., and BRIAN
S. HANNA, D.O.,

        Defendants.

UNPUBLISHED
April 16, 2020

No. 346924
Alpena Circuit Court
LC No. 17-007956-NH

Before: BOONSTRA, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's opinion and order dismissing her claims against defendants Alpena Regional Medical Center, MidMichigan Medical Center, and Sandra L. Mantz[1] following the entry of an earlier order striking plaintiff's sole expert witness as a discovery sanction. We affirm.

---

[1] The trial court also granted summary disposition in favor of defendants Alpena Surgical Associates, Christopher Bullock, M.D., and Brian S. Hanna, D.O. Plaintiff does not challenge this grant of summary disposition on appeal. Therefore, we use the term "defendants" in this opinion to refer only to Alpena Regional Medical Center, MidMichigan Medical Center, and Sandra L. Mantz.

-1-

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On August 9, 2017, plaintiff filed this medical malpractice action, alleging that defendants were directly or vicariously liable for misdiagnosing plaintiff as having colon cancer. The parties stipulated to an order that plaintiff would respond to defendants' initial discovery requests by February 26, 2018. The parties also stipulated to an order requiring plaintiff to file a preliminary witness and exhibit list by March 1, 2018, and to file a lay and expert witness list by June 1, 2018. Plaintiff failed to respond to defendant's initial discovery requests, requiring defendants to file a motion to compel on April 6, 2018.[2] Plaintiff also did not file a preliminary witness and exhibit list by March 1, but on June 1, 2018 served defendants with a lay and expert witness list and exhibit list, naming Dr. Mark Levin as plaintiff's only expert witness.

On June 6, 2018, defendants contacted plaintiff via email to schedule Dr. Levin's deposition; plaintiff did not respond. On June 22, 2018, with plaintiff still having failed to answer their initial written discovery requests, defendants served additional interrogatories and document production requests regarding plaintiff's lay and expert witnesses, including Dr. Levin, and sought to schedule Dr. Levin's deposition. In total, defendants sent six emails attempting to schedule Dr. Levin's deposition: five between June 6 and June 26, and the sixth on August 23, 2018. Plaintiff only responded to the August 23 e-mail when defendants told plaintiff that they would be filing a motion to compel plaintiff's compliance with their request. In her response, plaintiff provided four dates of availability for Dr. Levin's deposition, but defendants were not available on any of the dates provided.

Defendants filed another motion to compel on September 17, 2018, requesting that plaintiff respond to defendants' interrogatories and requests for production as well as to produce Dr. Levin for deposition. Plaintiff did not respond to the motion. A motion hearing was held on October 1, 2018. The parties agree that sometime before the hearing, the parties had agreed upon a deposition date of October 19, 2018, but that plaintiff's counsel sent a letter stating she had to cancel the scheduled deposition because of a scheduling conflict.[3] Defense counsel stated at the hearing that despite numerous attempts to work with plaintiff's counsel, Dr. Levin's deposition had still not been scheduled. Plaintiff's counsel responded that she had been on maternity leave when defense counsel first attempted to contact her to schedule a deposition date, so she did not start trying to set up a date until after her return.

On October 15, 2018, the trial court issued an order stating in relevant part:

> Here, defendants' counsel made five written demands for the deposition of
> Dr. Mark Levin between June 6, 2018 and July 26, 2018. Additionally, defendants

---

[2] The trial court held a hearing on defendants' motion to compel on May 7, 2018, but did not enter an order, and a transcript of that motion hearing does not appear in the lower court record. According to defendants, the trial court did not sanction plaintiff, but "verbally admonished" plaintiff to comply with defendants' discovery requests.

[3] Neither a notice of deposition nor a letter of cancellation from plaintiff's counsel is in the lower court record.

served interrogatories and requests for production related to plaintiff's witnesses on June 28, 2018. Plaintiff does not dispute that she has failed to comply with such requests. Therefore, plaintiff is **ORDERED** to answer all witness discovery within 7 days from the date of this order. Plaintiff is further **ORDERED** to produce Dr. Levin for deposition within 14 days of the date of this order.

The Court is mindful of the unfortunate pattern of plaintiff's noncompliance with prior discovery orders in this case. Sanctions are appropriate under such circumstances. Accordingly, plaintiff is **ORDERED** to pay $300.00 in costs to defendants. The Court further **ORDERS** that the discovery period shall be **EXTENDED** for 60 days from the date of this order. Any further failure by plaintiff to comply with an order of the Court may result in dismissal pursuant to MCR 2.504(B)(l).

Notwithstanding the court's order, plaintiff did not produce Dr. Levin for deposition within 14 days after the order was entered. Plaintiff argues on appeal that she answered all of defendants' written discovery requests by email on October 22, 2018, but defendants deny having received those answers; no written response by plaintiff or attendant proof of service appears in the lower court record. Plaintiff never paid the $300 sanction ordered by the trial court. On November 5, 2018, plaintiff filed a motion for reconsideration of the October 15, 2018 order, requesting that the trial court extend the date for completing Dr. Levin's deposition to a date that worked with his schedule. The trial court denied plaintiff's motion for reconsideration and struck Dr. Levin as an expert witness because of plaintiff's "nonconformance with th[e] Court's [October 15, 2018] order." Defendants thereafter filed a motion to dismiss on the ground that plaintiff could not succeed on a cause of action for medical malpractice without expert testimony. The trial court granted defendants' motion to dismiss without oral argument under MCR 2.119(E)(3). This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's imposition of discovery sanctions, *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008), as well as a trial court's decision on a motion to dismiss, *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011).

## III. ANALYSIS

Plaintiff argues that the trial court erred by striking her sole expert witness as a discovery sanction, leading to the dismissal of her case. We disagree.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action," in order "to direct and control the proceedings before them." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). MCR 2.313(B)(2)(c) provides: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may order such sanctions as are just,

-3-

including, but not limited to . . . dismissing the action." MCR 2.504(B)(1) provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims."

The trial court "is in the best position to know the severity of the discovery abuses," and therefore to determine the appropriate sanction that is "proportionate and just" in light of the improper conduct. *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87-88; 618 NW2d 66 (2000). At the same time, "[o]ur legal system favors disposition of litigation on the merits." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Therefore, "[a] court may impose the severe sanction" of dismissal " 'only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary.' " *Hardrick*, 294 Mich App at 661-662, quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 628 (2008). Further, for "severe" sanctions such as dismissal or sanctions that are equivalent to a dismissal, the trial court must carefully "consider 'the circumstances of each case to determine if such a drastic sanction is appropriate.' " *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010), quoting *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990).

The following factors should be considered in determining the appropriateness of a discovery sanction:

> (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff's engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean*, 182 Mich App at 32.]

Plaintiff argues that the *Dean* factors weigh against the trial court's imposition of a severe sanction akin to dismissal. We disagree. While the trial court did not explicitly reference the *Dean* factors in its order striking plaintiff's sole expert witness, it noted in its prior order sanctioning plaintiff that plaintiff had exhibited a history of noncompliance with discovery orders and of unresponsiveness to defendant's requests. Although we are not unsympathetic to plaintiff and her counsel, we are unable to conclude that the trial court abused its discretion by imposing the sanction of striking plaintiff's expert witness after further noncompliance.

It appears from the record that plaintiff continually failed to cooperate with defendants' numerous attempts to schedule Dr. Levin's deposition, and had a long history of not responding to defendants' discovery requests, prompting multiple motions, court hearings, and court orders. Further, plaintiff has failed to produce any evidence that she attempted to reschedule the deposition by providing dates of availability within the time frame of the order. The trial court specifically noted in its October 15, 2018 order that it was "mindful of the unfortunate pattern of plaintiff's noncompliance with prior discovery orders[.]" We conclude that the trial court did not abuse its

discretion by concluding that plaintiff's discovery violations represented a "pattern" rather than mere accident, and that plaintiff had a history of noncompliance. *Id.* Moreover, this pattern of noncompliance represents a history of engaging in deliberate delay. *Id.*

Further, plaintiff's repeated discovery violations prejudiced defendants. In this case, plaintiff's failure to respond to defendants' five attempts to schedule a deposition date over a two-month period and failure to respond to any discovery requests required defendants to file multiple motions to compel and hindered defendants' ability to prepare a defense. Additionally, plaintiff's failure to comply with a stipulated order to file a preliminary witness list, and only disclosing Dr. Levin as her expert on the very last day of the deadline for filing final lay and expert witness lists, shortened the time that defendants had before trial to depose him and prepare a defense; this shortened time was further shortened by plaintiff's unresponsiveness regarding the scheduling of the deposition. The third and fourth *Dean* factors were satisfied. *Id.*

Plaintiff also failed to comply with the October 15, 2018 order. Although plaintiff argues that she attached a copy of her answers to defendants' interrogatories in an October 22, 2018 e-mail, this e-mail is not part of the lower court record, so we cannot consider it on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Moreover, defendants deny receiving these answers. Plaintiff also failed to even pay the sanction that the trial court imposed in that order. And plaintiff did not attempt to cure the defect by arranging Dr. Levin's deposition within 14 days of the order; there is no evidence that plaintiff even attempted to contact defendants after the trial court issued its order on October 15, 2018, to propose dates that were within 14 days from the date of the order. *Dean*, 182 Mich App at 32.

Finally, the trial court did not abuse its discretion by imposing the sanction it did, because a lesser sanction would not have served the interests of justice. The trial court had previously verbally reprimanded plaintiff without effect, and had imposed a monetary sanction that not only had no effect but that went unpaid. In its October 15, 2018 order imposing that monetary sanction, it also warned plaintiff that she risked dismissal of her case if she engaged in further noncompliance with its discovery orders. We conclude that the sanction chosen by the trial court was within the range of reasonable and principled outcomes. *Hardrick*, 294 Mich App at 659.

Accordingly, we conclude that the trial court did not abuse its discretion by striking plaintiff's expert witness. Because in a medical malpractice case "[e]xpert testimony is required to establish the standard of care and a breach of that standard, as well as causation," *Kalaj v Khan*, 295 Mich App 420, 429; 820 NW2d 223 (2012), it was then appropriate for the trial court to grant defendants' motion to dismiss, because plaintiff could not establish a prima facie case of medical malpractice without the testimony of an expert witness. *Donkers*, 277 Mich App at 368.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Riordan
/s/ James Robert Redford